IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES VALENTINISDEE | § | |
| VS. | § | CIVIL ACTION NO.  9:23-CV-72 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant James Valentinisdee, a federal prisoner, proceeding *pro se*, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Motion was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Movant is incarcerated pursuant to a judgment entered in cause number 9:06-CR-23 in the United States District Court for the Eastern District of Texas.  Movant pleaded guilty to bank robbery.  On February 20, 2007, Movant was sentenced to 92 months of imprisonment.  Movant did not appeal the judgment.  Movant previously filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Motion was denied on April 4, 2008.

Analysis

Title 28 U.S.C. § 2255 requires a prisoner to seek certification from the court of appeals prior to bringing a second or successive Motion to Vacate, Set Aside or Correct Sentence.  The statute provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing

the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255. The court of appeals will grant authorization only if the second or successive Motion contains (1) newly discovered evidence that establishes by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court. 28 U.S.C § 2255.

Because this is a successive Motion to Vacate, Set Aside or Correct Sentence, Movant was required to seek authorization from the United States Court of Appeals for the Fifth Circuit. Movant has not received authorization. Therefore, the Motion to Vacate, Set Aside, or Correct Sentence should be dismissed without prejudice to Movant's ability to file his motion if he receives authorization from the Fifth Circuit.

## Recommendation

This Motion to Vacate, Set Aside, or Correct Sentence should be dismissed without prejudice.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE